23494

The STATE, Respondent v. Michael Harold HUNTER, Appellant.

(410 S.E. (2d) 242)

Supreme Court

*Richard H. Warder*, Greenville, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *E. Jean Howard,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Submitted Aug. 15, 1991.

Decided Oct. 14, 1991.

*Per Curiam:*

Appellant was convicted of driving under the influence, and was sentenced to imprisonment of six months and fined $2,000.00. He asserts the trial judge erred in ruling that the results of a blood alcohol test were admissible at trial. We disagree and affirm.

After appellant was injured in an automobile accident, he was taken to a hospital where blood was withdrawn as part of his medical treatment. In making a diagnosis, the treating physician ordered that appellant's blood be analyzed for alcohol content. The blood alcohol level was determined to be 0.24%.

Appellant argues that the results of the blood test were inadmissible because he was not afforded the procedural safeguards contained in the implied consent statute, S.C. Code Ann. § 56-5-2950 (1991). In pertinent part, § 56-5-2950 provides that a person who operates a motor vehicle in this State has impliedly consented to having chemical tests performed to determine the presence of drugs or alcohol in his body, if the person is arrested for an offense allegedly arising out of his operation of a motor vehicle while under the influence of drugs or alcohol.

In our opinion, any procedural safeguards given to operators of motor vehicles by the implied consent statute are inapplicable in this case. The test at issue here was not based on implied consent but was conducted for purposes of medical diagnosis and treatment. Accordingly, the implied consent

statute had no relevance and the trial judge properly admitted the test results.

Appellant's remaining issue is without merit and is affirmed pursuant to Rule 220(b)(1), SCACR.

Affirmed.