THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Olin Earl Young, Jr.,       
Appellant.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-658
Heard November 10, 2004  Filed December 
 28, 2004

AFFIRMED

 
 
 
Jack B. Swerling, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and 
 Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Olin Earl Young appeals his 
 convictions for two counts of felony driving under the influence and two counts 
 of reckless homicide.  He argues the trial court erred in admitting evidence 
 of his refusal to take a breathalyzer test and the results of a blood alcohol 
 test. [1]   We affirm.  
BACKGROUND
In 1999, Young caused an automobile 
 accident, resulting in the death of two people.  All witnesses at the scene, 
 including the police officers, testified Young, who suffered injuries to his 
 head and chest in the accident, smelled of alcohol and was having difficulty 
 walking and talking.  Young was arrested at the scene for felony DUI.  
At trial, the jury convicted Young of two counts 
 of felony DUI resulting in death and two counts of reckless homicide.  The trial 
 judge sentenced him to consecutive twenty-five year terms for the two counts 
 of felony DUI resulting in death and concurrent ten-year terms for both counts 
 of reckless homicide.  
LAW/ANALYSIS
I.  Videotape Evidence
Young claims the trial court erred in admitting 
 evidence of his refusal to take the breathalyzer test because the arresting 
 officers did not comply with the provisions of section 56-5-2953 of the South 
 Carolina Code.  We disagree.
Section 56-5-2953 requires violators of 
 the driving under the influence statute to be videotaped at the incident site 
 and the breath test site.  S.C. Code Ann. § 56-5-2953(A) (Supp. 1998). [2]   Among other things, the videotaping 
 at the breath test site must include the reading of the persons rights, a twenty-minute 
 pre-test waiting period, and the entire testing procedure or the persons refusal 
 to take the test.  Id.  However, failure to produce a videotape is not 
 grounds for dismissal of a DUI, felony DUI, or driving with an unlawful alcohol 
 concentration charge if the arresting officer submits a sworn affidavit certifying 
 that despite reasonable efforts, the equipment was inoperable and there was 
 no other operable breath test facility available in the county.  § 56-5-2953(B).  
 Here, Youngs refusal was not videotaped and Young challenges the effectiveness 
 of the arresting officers affidavit.  Young argues surveillance equipment at 
 the station that was purchased and installed by the city suffices as videotaping 
 equipment for purposes of this statute.  At the time of Youngs arrest, the 
 city police department was using this equipment in the hallway for security 
 purposes rather than in the Datamaster room.  
The statute provides SLED is responsible for purchasing, 
 maintaining, and supplying all necessary videotaping equipment for use at the 
 breath test sites.  § 56-5-2953(D).  Additionally, the act creating section 
 56-5-2953 stated [t]he provisions in Section 56-5-2953(A), (B), and (C) take 
 effect for each breath test site as soon as the breath test site is equipped 
 with a videotaping device.  Act No. 434, 1998 S.C. Acts § 18, as amended 
 by Act No. 97, 1999 S.C. Acts § 1.  This language, with minor non-substantive 
 changes has since been incorporated into the statute.  See S.C. Code 
 Ann. § 56-5-2953(G) (Supp. 2003).  When this incident occurred in August 1999, 
 although the city had its own videotaping equipment, SLED had not installed 
 videotaping equipment to meet the requirements of this statute.  In fact, SLED 
 did not install the videotaping equipment in the city Datamaster test site until 
 September 2000.  Therefore, because the department had not yet been equipped 
 by SLED pursuant to the statute, the breath test provisions of subsections (A) 
 and (B) are inapplicable to Youngs case and the trial court properly admitted 
 evidence of Youngs refusal.
II.  Blood Alcohol Test
Young claims the trial court erred in admitting 
 the results of his blood alcohol test because the blood was drawn without actual 
 consent or compliance with the requirements of the implied consent statute.  
 We disagree.
The implied consent statute prohibits 
 the administration of drug or alcohol tests and obtaining drug or alcohol samples 
 until the person has been informed in writing of his rights in regards to the 
 procedures.  S.C. Code Ann. § 56-5-2950(a) (Supp. 1998).  Officer Blose advised 
 Young of his implied consent rights on two occasions, and Young signed documentation 
 to that effect.  Young also rejected medical care at the scene and at the police 
 station, though he was advised of his rights to medical services.  
Later on, however, he ask[ed] to go to the hospital.  
 At the hospital, Dr. Theresa Oldson requested a medical blood alcohol test to 
 determine Youngs degree of impairment and whether that impairment was caused 
 by his injuries or alcohol.  Additionally, Oldson explained the biggest reason 
 is he had potentially life threatening injuries that often times require surgery 
 and most all the time require narcotics and the administration of multiple drugs.  
 And it was important for me to know what the alcohol level was or if he had 
 been drinking.  
Young claims the results of these tests should 
 not be admitted as evidence because he was not notified of his implied consent 
 rights at the hospital.  However, in State v. Hunter, 305 S.C. 560, 561, 
 410 S.E.2d 242, 242 (1991), our supreme court found that even if a defendant 
 was not afforded the procedural safeguards contained in the implied consent 
 statute, those safeguards were inapplicable because the test was conducted for 
 the purpose of medical diagnosis and treatment.  Here, not only was the test 
 performed for purposes of medical diagnosis and treatment, but Young requested 
 the treatment.  Thus the implied consent statute simply does not apply.  
AFFIRMED.  
ANDERSON, STILWELL, and SHORT, JJ., concur.  
 

 
 
 [1] In his brief, Young asserted two other evidentiary issues 
 as well as a ground for exclusion of his blood test results not addressed 
 in this opinion.  Young conceded these issues at oral argument.

 
 
[2] The 
 statute is referenced as it existed at the time of Youngs arrest.  It has 
 since been amended.